UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

      Plaintiff,

v.                         CASE NO:  8:10-cv-436-T-33EAJ

USER-FRIENDLY PHONE BOOK,
LLC, et al.,

      Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff's Motion to Strike ASEC Group LLC's Affirmative Defenses (Doc. # 92).  Defendant ASEC Group LLC filed a Response thereto (Doc. # 101).

ASEC, in its Response, points to the fact that Plaintiff failed to comply with Local Rule 3.01(g) prior to filing its motion and suggests that compliance with the Local Rule might have resolved many of the issues raised in the motion without the necessity of involving the Court.  ASEC's point is well-taken, and the Court finds that the motion is due to be denied without prejudice for failure to comply with Local Rule 3.01(g).  The Court directs the parties to confer prior to refiling the motion.  The Court further encourages the parties to be cognizant of the Court's limited judicial resources and discourages the parties from filing motions that do not affect

the outcome of the case.[1]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff's Motion to Strike ASEC Group LLC's Affirmative Defenses (Doc. # 92) is **DENIED without prejudice for failure to comply with Local Rule 3.01(g).**

(2)   Plaintiff's Motion for Leave to File a Reply to ASEC's Response (Doc. # 102) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u> day of May, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1]"A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" <u>Scelta v. Delicatessen Support Services, Inc.</u>, 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting <u>Seibel v. Society Lease, Inc.</u>, 969 F. Supp. 713, 715 (M.D. Fla. 1997)). "An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting <u>Anchor Hocking Corp. v. Jacksonville Electric Authority</u>, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

Copies:

All Counsel of Record