```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

        Plaintiff,

v.                                 CASE NO:  8:10-cv-436-T-33EAJ

USER-FRIENDLY PHONE BOOK,
LLC, et al.,

        Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion to Dismiss ASEC Group LLC's Counterclaim (Doc. # 96). Defendant ASEC Group LLC filed an Opposition thereto (Doc. # 106).

Plaintiff moves this Court to dismiss ASEC Group's counterclaim arguing that it fails to contain the factual predicate for the legal conclusions asserted. The counterclaim at issue asserts that copyright registrations being asserted by Plaintiff are invalid because the creators of the copyrighted works were not employees of Plaintiff at the times the works were created, and proper assignments of the copyrights to Plaintiff were not given.

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208

F.3d 959, 962 (11th Cir. 2000)(citing <u>Kirby v. Siegelman</u>, 195 F.3d 1285, 1289 (11th Cir. 1999)).

The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." <u>Id.</u> (citation omitted).

"A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009)(citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009); <u>Twombly</u>, 127 S. Ct. at 1968-69). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover

2

every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001)(quoting <u>In re Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

Having carefully considered the motion and the opposition thereto, the Court finds that the counterclaim contains sufficient factual allegations to raise a right to relief above the speculative level and, as such, survives Plaintiff's motion to dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Dismiss ASEC Group LLC's Counterclaim (Doc. # 96) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u> day of May, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3